UNITED STATES of America,
Plaintiff–Appellant,

v.

Henry V. GREENE, III, a/k/a Hank Greene, Defendant–Appellee.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Henry V. GREENE, III, a/k/a Hank Greene, Defendant–Appellant.

Nos. 87–5532(L), 87–5533.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 9, 1987.

Decided Nov. 23, 1987.

Jerry Wayne Miller, Asst. U.S. Atty. (Charles R. Brewer and Thomas J. Ashcraft, U.S. Attys., Asheville, N.C., on brief), for plaintiff-appellant.

Erwin N. Griswold and George Taylor Manning (Adrian Wager-Zito, Jones, Day, Reavis & Pogue, Washington, D.C., Robert B. Long, Jr., Long, Parker, Payne & Warren, P.A., and Ronald W. Howell, P.A., Asheville, N.C., on brief), for defendant-appellee.

Before MURNAGHAN, CHAPMAN and WILKINSON, Circuit Judges.

CHAPMAN, Circuit Judge:

Henry V. Greene, III was the general manager of Stencel Aero Engineering Corporation (Stencel) a manufacturer of ejection seats for military aircraft. He, together with Stencel and various officers of Stencel, was indicted for conspiracy to submit false claims to the Department of Defense (DOD), and for making false statements and claims to DOD. The other defendants either pled guilty or were convicted in a separate trial. Greene was tried and convicted of all counts, but he was successful in obtaining a new trial on the ground that certain exhibits, which had not been admitted into evidence, inadvertently went into the jury room during its deliberations. Pursuant to 18 U.S.C. § 3731[1] the government appeals the order granting a new trial. In addition to his motion for a new trial, Greene made a motion for judgment of acquittal under Fed.R.Crim.P. 29(c)[2] upon the ground that the evidence against him was not sufficient to convict him, and that to require another trial would violate his right not to be placed in jeopardy twice for the same offense. The district judge denied this motion and Greene has cross-appealed.

Initially there was a question as to the appealability of the denial of the Rule 29(c) motion, but this issue was abandoned. We hold (1) that there was no error in the granting of the new trial to the defendant, (2) that our court has jurisdiction to consider the defendant's cross-appeal, and (3) that the district court did not err in denying the defendant's Rule 29(c) motion for acquittal.

I

Stencel Aero Engineering Corporation manufactured ejection seats for military aircraft and did a large part of its business with the United States Department of Defense. In the dealings between DOD and Stencel three different contracts were used: a fixed price contract, a cost-plus contract, and contracts not yet negotiated. Under cost-plus contracts and contracts not yet negotiated DOD paid Stencel approximately 290 percent of Stencel's labor costs and the Stencel employee timecards were the basic accounting "source documents" in determining labor costs. The indictment charged that appellant Greene and other officials and employees of Stencel conspired to overcharge DOD by increasing the number of hours actually worked on various contracts. This was done by destroying the original timecards and substituting inflated timecards and by transferring time between different contracts so as to overcharge DOD.

From 1976 to 1979 appellant Greene was controller of Stencel. In 1979 he became general manager of the corporation and he was replaced as controller by Jonathan Tweit. Greene trained Tweit in the duties and responsibilities of the controller. In 1980 Michael Hobbs was employed as president of Stencel. In 1981 Paul Allison was employed as vice president in charge of production. Jared Christensen was the corporation's contracting officer until his departure in 1981. Alma Ann Mercer was a computer operator for the company, and

---

1. 18 U.S.C. § 3731. Appeal by United States. In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, accept that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

2. Fed.R.Crim.P. 29. Motion for Judgment of Acquittal.
   (c) Motion After Discharge of Jury. If the jury returns a verdict of guilty or is dis-

charged without returning a verdict, a motion for a judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Laura Jean Rowe was a computer operator and data processing manager for the company. In 1984 John Gales was chief accountant for Stencel and upon learning that the original timecards were being discarded and were being replaced by other cards showing job numbers other than those shown on the original timecards, he contacted the auditors for DOD. Following an investigation, various officers and employees of Stencel were indicted.

## II

■ Approximately thirty minutes into its deliberations, the jury requested that the exhibits be sent into the jury room. Hundreds of exhibits had been introduced during Greene's trial, and there were documents in the courtroom that had been exhibits used by the government in the trial of Tweit and Allison, but some of these had not been introduced at Greene's trial. There was confusion about the exhibits and 21 exhibits, not offered or admitted into evidence against Greene, went into the jury room. Six of these exhibits were claims of Stencel for payment and five were checks issued by DOD in payment of such claims. These 11 exhibits were viewed by the jury. The remaining ten exhibits were copies of contracts and were not viewed by the jury during its deliberations. The six unadmitted claims submitted by Stencel to DOD for payment totaled $969,029.85 and the five unadmitted treasury checks issued in payment of these claims totaled $736,553.85. The mistake of sending these documents into the jury room during deliberations was not discovered until after the verdict was returned finding Greene guilty of all counts. Thereafter, Greene made a motion for a new trial and the trial judge granted the motion and set aside the guilty verdict. The trial judge found that the 21 documents, which had not been admitted into evidence, were sent into the jury room through inadvertence and that eleven of these documents were viewed by the jury. The court found that the government had not overcome the presumption of prejudice nor met its burden of showing that the error in submitting the documents to the jury was harmless beyond a reasonable doubt. The court was impressed by the large sums of money evidenced by these checks and claims for payment and he felt that the jury would have been influenced adversely against the defendant by such documents.

The motion for a new trial was made under Fed.R.Crim.P. 33 which provides in part:

> The court on motion of the defendant may grant a new trial to that defendant if required in the interest of justice.

Such a motion is committed to the sound discretion of the district judge and is reviewable only in case of abuse. *Howell v. United States*, 172 F.2d 213, 216 (4th Cir. 1949) *cert. denied*, 337 U.S. 906, 69 S.Ct. 1048, 93 L.Ed. 1718 (1949). We can find no abuse of discretion by the trial judge. We clearly stated the law of this circuit in *United States v. Barnes*, 747 F.2d 246, 250–251 (4th Cir.1984), as follows:

> If prejudicial evidence that was not introduced at trial comes before the jury, the defendant is entitled to a new trial. (Citations omitted). The general standard for determining if the evidence is prejudicial is whether there is 'a reasonable possibility that the jury's verdict was influenced by the material that improperly came before it.' (Citations omitted). Furthermore, there is a presumption of prejudice where such improper evidence has been made available to the jury, and the burden is on the government to prove that it is harmless. (Citations omitted).

We, as was the district judge, are impressed by the size of the claims for payment and the checks in payment of such claims. These claims in excess of $900,000 and checks in excess of $700,000 came before the jury and were considered by the jury even though they had never been admitted into evidence. The government argues that the evidence did not show that Greene had filed any of the claims, and points to the judge's charge and various other statements by the court that the case against Greene was the conspiracy count and there was no claim that he had personally participated in changing timecards or

in filing any of the claims with the government. We agree with the district judge that these references by the trial court and its charge on conspiracy did not overcome the presumption of prejudice.

### III

■ We find that this court does have jurisdiction to consider the appeal of the defendant from the district judge's denial of his motion to dismiss the indictment on double jeopardy grounds. The first appeal in this case was noticed by the government and claimed error by the court in granting the defendant a new trial. Greene then filed a cross-appeal from the court's denial of his Rule 29(c) motion for a judgment of acquittal. Since there was some question as to the appealability of the order denying the defendant's motion, the district court certified that in view of the government's appeal, there was no just reason for delay in determining the issue raised by the defendant in his Rule 29(c) motion as to the sufficiency of the evidence to convict him of conspiracy. Although the denial of a motion for judgment of acquittal prior to entry of a judgment or sentence are normally not reviewable in the Court of Appeals, it would be unfair to apply such a rule in the present proceedings. Under the Criminal Appeals Act of 1907 the government is allowed to appeal a trial court's grant of a new trial. 18 U.S.C. § 3731. To prevent the cross-appeal of the defendant would encourage piecemeal review and unduly delay the final resolution of a criminal case. Under the circumstances of this case the exception to the final judgment rule provided by *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) should be applied. If Greene was entitled to a judgment of acquittal, this right is too important to be denied review, particularly since a retrial might result in twice placing him in jeopardy for the same crime. It is also a right that can be irreparably lost if review is postponed until final determination of the case, because by then Greene would have been put through the trauma and the expense of another trial.

### IV

■ We find that the trial judge did not abuse his discretion in denying defendant's motion for judgment of acquittal. The evidence which was properly admitted against Greene and the inferences that may be drawn from such evidence were sufficient to support a finding that Greene was a member of the conspiracy. He claims that at the time of the discovery of the over-billing he was no longer the corporate controller, and that he was involved in other activities of the company unrelated to the claims for payment being submitted to DOD. However, the evidence shows that the changing of the timecards and the destruction of the original cards began while Greene was controller. There was also evidence that Greene approached Christensen and inquired if costs could be shifted between government contracts and was advised that it could be done but it was illegal. There is also a written memo from Greene to Tweit stating that there were hours on a contract that needed to be spent. During the time that Greene was controller keypunch operators, who kept a record of the hours, were instructed to change timecards and a notebook outlining the changes to be made was kept hidden inside the housing of the computer when government auditors were in the company office.

Although the trial judge mentioned on more than one occasion during the trial that the evidence of conspiracy was not strong, after the trial was completed and he had time to reflect upon the entire case, he denied defendant's motion for judgment of acquittal and concluded that the evidence and the inferences to be drawn therefrom would support a conviction. We find no error in this conclusion, and we affirm.

AFFIRMED.