896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edith Irene BRANNAN, Defendant-Appellant.
 No. 89-5165.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: Feb. 13, 1990.
 
 Matthew J. Cody, Jr., Matthew J. Cody, Jr., P.C., for appellant.
 John P. Alderman, United States Attorney; Jerry W. Kilgore, Assistant United States Attorney, for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Edith Irene Brannan appeals her conviction in the United States District Court for the Western District of Virginia on one count of extortion in violation of 18 U.S.C. Sec. 876 (1988). Appellant contends that the evidence was insufficient to sustain her conviction and that she was subjected to prejudicial cross-examination. We affirm the judgment of the district court.
 
 I.
 
 2
 On August 23, 1988, a secretary in the law offices of Boucher, Mitchell & Hutton in Abingdon, Virginia, opened a letter addressed to "Mr. James E. Mitchell, Attorney" at the law firm's address. The letter stated, "Mr. Lardass, just to let you know you are in danger. You are being watched and will be shot, burned down, bombed or other causes." The envelope had a stamp on it and was postmarked.
 
 
 3
 Mitchell reviewed his client files to try to determine who might have had a motive for sending the letter. He thought of two or three individuals, including Edith Brannan's husband, with whom Mitchell had had a property dispute. While checking public deeds in the local courthouse, Mitchell noticed that Mrs. Brannan's handwriting was similar to the handwriting which appeared in the threatening letter. Mitchell then turned the letter over to the FBI.
 
 
 4
 On January 20, 1989, a federal grand jury indicted Brannan for sending the threatening letter in violation of 18 U.S.C. Sec. 876. Brannan pleaded not guilty and the case was tried to a jury.
 
 
 5
 FBI agent Robert Craig appeared for the prosecution. Craig had obtained handwriting exemplars from Edith Brannan by dictating to her the words that appeared in the letter and on the envelope. He testified that he noticed similarities between the exemplars and the envelope, and that Brannan had appeared red-faced and nervous during the interview. A handwriting expert who had examined the documents testified that in his opinion the same person wrote both the exemplars and the threatening letter. A fingerprint expert testified that he did not find either Brannan's, Mitchell's, or the secretary's prints on the letter or envelope.
 
 
 6
 The jury convicted Brannan on the one-count indictment. The district judge fined Brannan $9,749.84 and, taking into consideration her age and health, sentenced her to house arrest for a period of three months.
 
 II.
 
 7
 Conviction under 18 U.S.C. Sec. 876 requires proof that the defendant "knowingly deposit[ed] in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service ... any communication, with or without a name ... addressed to any other person and containing ... any threat to injure the person of the addressee or of another...." Appellant asserts that the evidence was insufficient to sustain her conviction because it did not show that the threatening letter was received through the mails.
 
 
 8
 On appeal of a criminal conviction, the jury verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). There was more than sufficient evidence here for the jury to have concluded that the threatening letter was mailed by defendant.
 
 
 9
 Proof of mailing may be shown by circumstantial evidence. United States v. Ring, 513 F.2d 1001, 1010 (6th Cir.1975). Here, Mitchell's legal secretary testified that she received the letter, stamped and postmarked, with the rest of the morning mail. Expert testimony adduced at trial in connection with the handwriting exemplars tended to show that Brannan wrote the threatening letter. This evidence amply supports the jury's conclusion that Brannan mailed or caused the mailing of the letter, as required by the statute.
 
 III.
 
 10
 During cross-examination of Brannan at trial, the United States Attorney asked her if she had sent the exemplars to a handwriting expert. A defense objection to the question was sustained. Defense counsel moved for a mistrial on the grounds that the mere posing of the question was prejudicial. Appellant contends that the question was sufficiently prejudicial to merit a judgment of acquittal because it implied that Brannan was concealing inculpatory evidence.
 
 
 11
 We disagree. The grant or denial of a motion for mistrial or judgment of acquittal will not be overturned on appeal absent a clear abuse of discretion. United States v. West, 877 F.2d 281, 288 (4th Cir.1989); United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir.1984) (mistrial); United States v. Greene, 834 F.2d 86, 89 (4th Cir.1987) (judgment of acquittal). In order for the ruling to constitute an abuse of discretion, the defendant must show prejudice. West, 877 F.2d at 288. Brannan has not met her burden in this respect. Here, the district judge sustained a defense objection to the question before it was even answered. We cannot say that the district court abused its discretion in concluding that the mere posing of the question on cross-examination was not sufficiently prejudicial to warrant a mistrial or a judgment of acquittal.
 
 The judgment of the district court is
 
 12
 AFFIRMED.