16 F.3d 412
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carlton BASHFORD, a/k/a Anthony Brown, a/k/a Carl Bashford,
a/k/a Carlton Wallace, a/k/a Tony Smith,
Defendant-Appellant.
 No. 92-5117.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 5, 1993.
Decided Jan. 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge.
 David S. Bracken, Law Offices of John T. Donelan, Alexandria, VA, for appellant.
 Richard Cullen, U.S. Atty., Emmett L. Fleming, Jr., Marcus J. Davis, Sp. Asst. U.S. Attys., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Carlton Bashford appeals his jury convictions and sentence for federal drug and firearms violations. He argues that the district court erred in admitting testimony from two confederates about his prior bad acts, by relying on uncorroborated testimony to determine his sentence, and in denying his motion for a new trial. Finding no merit in any of Bashford's arguments, we affirm his convictions and sentence.
 
 
 2
 Bashford was arrested on June 22, 1991, outside the door to his motel room in Stafford County, Virginia. Subsequently, a federal grand jury indicted Bashford on three counts: (1) possession of cocaine with intent to distribute sixteen grams, in violation of 21 U.S.C. Sec. 841(a)(1) (1988); (2) using firearms in relation to a drug trafficking offense, in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1992); and (3) possession of firearms by a felon, in violation of 18 U.S.C. Sec. 922(g)(1) (1988). A jury convicted Bashford on all counts.
 
 
 3
 A search of Bashford's motel room on the night of his arrest uncovered more than sixteen grams of cocaine powder, plastic bags, twist ties, a digital scale, ammunition, and four guns hidden in the airconditioner. Before trial, Bashford's counsel requested information on whether anyone involved in the case had attempted suicide. Though the Government replied in the negative, Robert Mohead admitted at trial under cross-examination that he had tried twice to commit suicide after his arrest. Mohead, Henry Squire, and another individual were arrested the day before Bashford and provided information leading to Bashford's arrest.
 
 
 4
 The district court held hearings and denied Bashford's motions for acquittal, pursuant to Fed.R.Crim.P. 29, and for a new trial, pursuant to Fed.R.Crim.P. 33. Bashford was sentenced to 360 months in prison and given three years of supervised release after the district judge ruled Bashford's relevant conduct included dealing in more than 500 grams of crack cocaine--a quantity to which Mohead had testified. Bashford timely appealed his convictions and sentence.
 
 
 5
 Bashford argues on appeal that the testimony of Mohead and Squire violated Fed.R.Evid. 404(b).[1] In this circuit, admissible Rule 404(b) evidence must be relevant, necessary, and reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). A trial court's failure to specify the purpose for which prior acts evidence is introduced or to engage in on-the-record balancing of its probative value against undue prejudice is not reversible error. Id. Admission of such evidence is only overturned for an abuse of discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991).
 
 
 6
 Bashford objects to Squire's testimony that Bashford recruited Squire from New York to sell drugs in Virginia and to Mohead's testimony that Bashford sold him crack cocaine in April 1991. Bashford argues that the testimony of Mohead and Squire was neither relevant nor necessary to the charge of possession with intent to distribute cocaine. The testimony of Mohead and Squire was relevant and necessary. It concerned Bashford's drug dealing in the Fredericksburg area in the spring of 1991 and was not too tenuous or remote in time from Bashford's arrest in June 1991. See Rawle, 845 F.2d at 1246-48. Evidence is necessary when it is an essential part of the charged crime or furnishes the context. Id. at 1247 n. 4. The Government had to prove both that Bashford possessed the drugs and guns and that he intended to distribute the sixteen grams of cocaine powder found in the motel room. Evidence of Bashford's drug dealing in the weeks preceding his arrest is relevant to the charge because it reflects Bashford's scheme or plan, and his intent to distribute the cocaine. In addition, Squire placed Bashford in the motel room and both Squire and Mohead testified to Bashford's use of weapons. Bashford's contention that only possession was at issue is without merit.
 
 
 7
 Bashford also claims that the district court did not determine whether this testimony was sufficiently reliable until after Mohead and Squire testified and that, in any event, this testimony was unreliable because it was uncorroborated. Both men were convicted felons arrested the night before Bashford and had possession of Bashford's motel room key. The district judge gave the jury limiting instructions and told the jury they had to find sufficient evidence that the acts actually were committed before they could credit the testimony. This court has held that prior bad acts testimony was sufficiently reliable, though admitted from two plea bargainers, because it was unlikely they would expose themselves to charges of perjury. United States v. Hadaway, 681 F.2d 214, 218 (4th Cir.1982). We find the testimony to be sufficiently reliable.
 
 
 8
 The prosecution of Bashford relied on circumstantial evidence because police did not confiscate any drugs or guns, or even the key to Bashford's motel room, from Bashford's person when he was arrested. The testimony of Squire and Mohead was highly probative. We find that the district court did not abuse its discretion in admitting the testimony of Squire and Mohead under Rule 404(b).
 
 
 9
 Bashford next argues that the district court erred in relying on Mohead's testimony when determining his (Bashford's) relevant conduct for sentencing. Factual disputes at sentencing are resolved by the preponderance of evidence standard. United States v. Harris, 882 F.2d 902, 907 (4th Cir.1989). They are reviewed on appeal to determine if they are clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). The district court is not bound to accept the recommendations in the presentence report and may consider any reliable and relevant information, see United States v. Wilson, 896 F.2d 856, 857-58 (4th Cir.1990) (amount of drugs), as long as it has sufficient indicia of reliability. United States Sentencing Commission, Guidelines Manual, Sec. 6A1.3, p.s. (Nov.1991).
 
 
 10
 The probation officer recommended that the total amount of drugs for sentencing purposes should include the half-ounce of crack cocaine that Mohead testified Bashford supplied Mohead every day for six weeks, which resulted in 558 grams of cocaine.[2] Bashford objected to this figure in a court filing and during the sentencing hearing. He contends that Mohead's testimony is unreliable, inconsistent, and uncorroborated. The district judge was not clearly erroneous in relying on Mohead's testimony to enhance Bashford's offense level. The judge had an opportunity to observe the witnesses and to judge their credibility. Further, relevant conduct can, under certain circumstances, include matters outside the indictment. United States v. McNatt, 931 F.2d 251, 258 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3478 (U.S.1992); U.S.S.G. Sec. 1B1.3(a).
 
 
 11
 Finally, Bashford argues that the district court erred in denying his Fed.R.Crim.P. 33 motion for a new trial because Mohead's newly discovered psychiatric reports showed that the Government failed to disclose information useful to impeaching Mohead's credibility. The district judge found that Bashford failed to meet at least two of the elements in this circuit's five-factor test to determine whether to grant a new trial based on newly discovered evidence: Mohead's psychiatric reports were impeachment evidence and would not likely lead to an acquittal of Bashford. See United States v. Chavis, 880 F.2d 788, 793 (4th Cir.1989).
 
 
 12
 Suppression of evidence favorable to the defendant violates due process when it is material evidence--where a reasonable probability exists that the result of the proceeding would have been different if the evidence had been disclosed to the defendant. United States v. Bagley, 473 U.S. 667 (1985); see also United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83 (1963). The district court found that the evidence was not material and thus could not form the basis for a due process violation. A district court's determination of whether to grant a new trial is committed to the sound discretion of the district judge and reviewed on appeal only for an abuse of discretion. United States v. Greene, 834 F.2d 86, 88 (4th Cir.1987).
 
 
 13
 We agree that there was no Brady violation here and find no abuse of discretion in the denial of the motion for a new trial. The district court correctly found that there was no likelihood that, if Bashford possessed the psychiatric reports before trial, he could have impeached Mohead and won an acquittal. See United States v. Randall, 887 F.2d 1262, 1269 (5th Cir.1989). The record shows that Bashford's counsel raised the rumor of Mohead's two suicide attempts as his first question in cross-examining Mohead and that Mohead admitted the incidents. The record also shows that Bashford's counsel did not pursue that issue, but attempted to impeach Mohead by raising other matters, such as Mohead's prior record and his plea bargain with Stafford County. This claim, therefore, has no merit.
 
 
 14
 We affirm Bashford's convictions and sentence. We deny Bashford's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Bashford's trial was held on November 18 and 19, 1991, before the effective date of the notice amendment to Rule 404(b)
 
 
 [2]
 The Government notes on appeal that the probation officer's calculation of 558 grams was probably a typographical error and that 588 grams is the correct figure. Both figures exceed 500 grams and the difference is not significant to Bashford's sentence or appeal