UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4767

GREG LEO WILSON, a/k/a Shorty,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James C. Turk, District Judge.
(CR-96-41)

Submitted: July 31, 1998

Decided: August 14, 1998

Before WIDENER, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger A. Inger, MASSIE, INGER & IDEN, P.C., Winchester, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant United States Attorney, Patricia Tolliver, Third-Year Practice Intern, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Greg Leo Wilson appeals from the district court's judgment convicting him of three counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b) (1994). Wilson's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that the appeal does not present any meritorious issues but raising one issue: whether the court erred in denying a motion for judgment of acquittal. Wilson has filed a pro se supplemental brief contending that the Government coerced his wife into giving false testimony at trial. Because we find no reversible error, we affirm.

At trial, a paid informant testified for the Government stating that he had purchased crack cocaine from Wilson on three separate occasions at Wilson's home. Government law enforcement officials monitored all three controlled buys, having searched the informant and his girlfriend prior to each buy, wiring him for sound, providing him money, and observing the location during the transactions. Wilson's wife testified that she observed Wilson sell crack cocaine out of the home and at other locations on numerous occasions. At the end of the Government's evidence, Wilson moved for a judgment of acquittal, which was denied.

A motion for judgment of acquittal should be granted if the evidence is insufficient to sustain a conviction. See Fed. R. Crim. P. 29(a). We find that the trial judge did not abuse his discretion in denying Wilson's motion. The inferences that may be drawn from the evidence were more than sufficient to support a finding that Wilson sold crack cocaine on three separate occasions. See United States v. Greene, 834 F.2d 86, 89 (4th Cir. 1987).

In his pro se supplemental brief, Wilson asserts that the Government coerced his wife by offering not to prosecute her in exchange

2

for her testimony. Wilson contends that as a result of the offer, his wife falsely testified that he threatened her upon hearing that she would testify.* We find this claim without merit. If the prosecutor knew or should have known that his case contained perjured testimony, then the conviction "must be set aside if there is any reasonable likelihood that this evidence could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). Wilson offers no evidence that the Government was aware that his wife was giving false testimony.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Wilson's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____
*He does not allege that his wife's testimony regarding his drug sales was false.

3