**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4728

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAR MARQUISE BLANDIN, a/k/a Jamar Anthony
Blandin,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (CR-03-324)

_____

Submitted:  October 28, 2005       Decided:  November 15, 2005

_____

Before WILKINSON, LUTTIG, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John A. O'Leary, O'LEARY ASSOCIATES, P.A., Columbia, South
Carolina, for Appellant.  J. Strom Thurmond, Jr., United States
Attorney, Alston C. Badger, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jamar Marquise Blandin, a/k/a Jamar Anthony Blandin ("Blandin"), pled guilty to one count of possession and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)&(b)(1)(B) (2000) ("Count One"); one count of the use and carrying of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2000) ("Count Two"); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000) ("Count Four"). Blandin was sentenced to a term of 97 months imprisonment as to each of Counts One and Four, to run concurrently, and 60 months as to Count Two, to run consecutively to the terms for Counts One and Four, with five years of supervised release. Blandin appeals, contending that Blakely v. Washington, 124 S. Ct. 2531 (2004), applies to the federal sentencing guidelines; that the district court erred in finding as a fact that his offense was based on an enhanced drug amount pursuant to U. S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(6)[1] and in determining that he had a criminal history category of III, based on three prior convictions and a two-level enhancement pursuant to USSG § 4A1.1(d). We affirm.

---

[1]Although Blandin appears to challenge the base level offense recommended for Count Four, this offense level was not applied to determine the applicable guidelines range, based on the grouping of Count One and Count Four pursuant to USSG §§ 3D1.2(c) and 3D1.3(a).

- 2 -

Because Blandin preserved these issues by objecting to the presentence report and at his sentencing hearing based upon Blakely, this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi sentencing objection in the trial court, and so preserved his objection, we review de novo.") (citation omitted). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a) and plain error standard in Fed. R. App. P. 52(b)).

First, even if the disputed quantity of drugs was removed from the presentence calculation, Blandin's sentence as to Counts One and Four would not have been altered. Absent any enhancements, the total offense level for Count One and Count Four would be twenty-six, based on the drug amount stated in the indictment (more than five grams of cocaine base). U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(7) (2003). The recommended guideline range for a total offense level of twenty-six, with a criminal history category of III, is 78 to 97 months imprisonment. See USSG

Ch. 5 Pt. A (Sentencing Table). Because Blandin's actual sentence as to Counts One and Four does not exceed the maximum of this range, there was no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005) (holding that if sentence does not exceed maximum authorized by facts admitted by defendant or found by jury, there is no Sixth Amendment violation).

Next, as this court recently made clear in United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 12, 2005) (No. 05-5772), "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence." Count Two, Blandin's firearm charge, was subject to a statutory minimum of sixty months' imprisonment.[2] See § 924(c)(1)(A)(i) (imposing a term of not less than five years' imprisonment for any person who, during and in relation to a drug trafficking crime, uses or carries a firearm, or who, in furtherance of the crime, possesses a firearm). Thus, the district court was required by statute to impose a mandatory minimum term of five years for the offense. In this situation, there is simply no Booker error. See Robinson, 404 F.3d at 862 ("[Even after Booker], a district court has *no* discretion to impose

---

[2]To the extent Blandin challenges the base level offense of twenty that was recommended for Count Four, felon in possession of a firearm, pursuant to USSG § 2K2.1(a)(4)(a), his objection is mooted by the grouping that was applied to Count One and Count Four. Even considering this objection, for the reasons stated above, Blandin's argument fails on the merits.

- 4 -

a sentence outside of the statutory range established by Congress for the offense of conviction.").

Finally, the Supreme Court in Booker also reaffirmed its prior holding in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. The application of the career offender enhancement falls within the exception for prior convictions when the facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see Shepard v. United States, 125 S. Ct. 1254, 1263 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record). Thus, the Court concluded that there was no Sixth Amendment violation. Collins, 412 F.3d at 523.

Although Blandin incorrectly states that he was sentenced as a career offender, any argument that under Booker, the district court violated his Sixth Amendment rights by making impermissible factual findings when it used his prior convictions to enhance his sentence or to compute his criminal history is foreclosed by

Collins and Shepard.  Blandin does not contest with any specificity the facts about his prior convictions that were used to calculate his criminal history score.  As a result, the issue raised by Blandin is a purely legal argument.  See United States v. Cheek, 415 F.3d 349, 350 (4th Cir. 2005) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant).  We therefore find no Sixth Amendment violation.

Accordingly, we affirm Blandin's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED