**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5189**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY AUGUSTUS THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-05-568)

Submitted: May 31, 2006               Decided: July 5, 2006

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Anthony Augustus Thomas was convicted of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2000), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Thomas' sole contention on appeal is that the district court erred in denying his motion for a new trial on the ground that the jury considered evidence not admitted at trial. Finding no abuse of discretion, we affirm.

The criminal charges underlying Thomas' conviction arose from his armed robbery of a convenience store in September 2004. During deliberations, the jury's foreperson discovered a four-inch pocketknife while examining a piece of evidence — a pair of pants.[*] After returning the verdict, the foreperson informed court personnel that he discovered the pocketknife, which had not been admitted into evidence. The district court then apprised the attorneys of the situation, and briefly questioned the foreperson on the record about this discovery. The foreperson made two statements pertinent to this appeal: he described the circumstances surrounding the jury's discovery of the knife (the foreperson found

---

[*]Thomas does not contend, nor does the record demonstrate, that the pocketknife was intentionally planted in the pants, which were properly admitted and before the jury as part of the body of evidence. It is clear that the parties' failure to discover the pocketknife prior to tendering the pants to the jury was purely accidental.

the knife, showed it to the jury, then put it away; the jury did not discuss it further), and he attested that the knife did not affect the jury's verdict. Thomas filed a post-verdict motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, arguing that he was prejudiced by the jury's discovery of the unadmitted pocketknife and by the district court's questioning of the foreperson. After the parties briefed the issue, the district court denied Thomas' motion, finding that discovery of the pocketknife had no impact on the jury's verdict.

Pursuant to Rule 33(a), a trial court may grant a motion for a new trial "if the interest of justice so requires." Whether to grant a Rule 33 motion is squarely within the trial court's discretion. United States v. Greene, 834 F.2d 86, 88 (4th Cir. 1987). This court reviews the denial of a motion for new trial for abuse of discretion. United States v. Lentz, 383 F.3d 191, 219 (4th Cir. 2004).

Circuit precedent establishes that, when a jury considers "prejudicial evidence that was not introduced at trial . . . the defendant is entitled to a new trial." United States v. Barnes, 747 F.2d 246, 250 (4th Cir. 1984). Although determining prejudice requires assessing "whether there is a reasonable possibility that the jury's verdict was influenced by the material that improperly came before it," a presumption of prejudice arises when the jury considers evidence not admitted at trial. Id. at 250-51 (internal

quotations and citation information omitted). When such a presumption arises, the government must rebut it by showing that consideration of the improper material was harmless. Id. at 251.

Our review of the record convinces us that the strength of the Government's evidence against Thomas rebuts the presumption of prejudice. At trial, the cashier present during the robbery gave a very specific description of the robber; she testified that the robber was a black man, approximately 5'6" tall, who was wearing a wig, a white bandana, and a blue jumpsuit. She further testified that the robber was carrying a bag and riding a blue bicycle. A number of law enforcement officials testified to the actions taken to apprehend the robber. Officer August of the Darlington Police Department testified to pursuing a man fitting this description, who was riding a blue bicycle. Officer August nudged the suspect from his bicycle because he failed to comply with the officer's order to stop; a team of bloodhounds picked up the suspect's scent from the wig, and soon thereafter located the suspect, later determined to be Thomas, hiding in a nearby carport. The next day, law enforcement recovered a .357 Magnum near Thomas' hiding spot. At trial, the cashier testified that this firearm was similar to the one the robber used in that it was older and partially rusted and that the recovered wig was the same wig the robber had worn.

Because the evidence against Thomas was compelling and the pocketknife was not relevant to any of the charged offenses, we conclude the district court did not abuse its discretion in denying Thomas' motion for a new trial. The district court's questioning of the foreperson does not affect our conclusion. The district court's inquiry into the factual circumstances of the jury's discovery of the knife was "was not only permissible but necessary." United States v. Cheek, 94 F.3d 136, 143 (4th Cir. 1996). Although we agree with Thomas that the foreperson's testimony about the knife's effect on the jury's verdict was inadmissible as evidence concerning a jury's "mental processes," id., we think that in light of the evidence against Thomas and the foreperson's description of the knife's discovery, any error was harmless.

Accordingly, we affirm Thomas' conviction. Additionally, we deny Thomas' motion to file a pro se supplemental brief because he is represented by counsel, and further deny the pending motion to have his attorney dismissed because he is allegedly ineffective. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED