**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cornelius Grant WILLIAMS, Jr., Defendant–Appellant.**

No. 06–4215.

United States Court of Appeals, Fourth Circuit.

Submitted: Feb. 21, 2007.

Decided: April 19, 2007.

Robert A. Ratliff, Mobile, Alabama, for Appellant.  Chuck Rosenberg, United States Attorney, Daniel Grooms, Assistant United States Attorney, Olivia Hussey, Special Assistant United States Attorney, Office of the United States Attorney, Alexandria, Virginia, for Appellee.

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Grant Williams, Jr. ("Appellant") appeals his conviction and sentencing on two drug-related counts: (1) possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count One"); and (2) distribution of five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) ("Count Two").  Pursuant to 21 U.S.C. §§ 841 and 851, the district court sentenced Appellant to life imprisonment for Count One-the statutory maximum punishment for this Count under 21 U.S.C. § 841-and to a concurrent term of 360 months imprisonment for Count Two. For the reasons that follow, we affirm.

■ Appellant makes three arguments, which we consider in turn.  Appellant first contends that the district court erroneously denied his motion for a new trial-based on effectiveness of counsel-by applying the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), without regard to the recent decision *United States v. Gonzalez–Lopez,* — U.S. ——, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006).  In *Gonzalez–Lopez,* the Supreme Court made clear that "erroneous deprivation of the right to counsel of choice" is a "structural error" not subject to harmless-error analysis. *Id.* at 2564–65. In essence, Appellant argues that he was

denied his choice of counsel, and that such denial creates an ineffective assistance of counsel claim.

However, as *Gonzalez–Lopez* makes clear, while the right to counsel of choice and the right to effective assistance of counsel are both found in the Sixth Amendment, they are distinct rights. *Id.* at 2562–63. The purpose of the right to effective assistance of counsel is to ensure a fair trial, *id.*, whereas the right to counsel of choice is "the root meaning of the constitutional clause." *Id.* at 2563. Appellant's argument fails as a threshold matter because he was represented by court-appointed counsel. "[T] he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *Id.* at 2565. Defendant does not make an independent ineffective assistance of counsel claim, and such a claim does not inhere in his challenge regarding choice of counsel. Moreover, an ineffective assistance of counsel claim is only cognizable on direct appeal if the record conclusively shows ineffective representation. *See United States v. Richardson,* 195 F.3d 192, 198 (4th Cir.1999).

■ Appellant's second contention is that the district court erroneously applied a career offender enhancement to his sentence without submitting proof of disputed facts of the prior offenses to a jury. However, *United States v. Booker* explicitly holds such earlier convictions exempt from its ruling that "any fact (*other than a prior conviction* ) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)(emphasis added). As we have since made clear, "the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt." *United States v. Cheek,* 415 F.3d 349, 352 (4th Cir.2005).

Nonetheless, Appellant claims that *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), decided just two months after *Booker,* implies that disputed facts of a prior conviction are no longer excepted from *Booker's* holding. To the contrary, *Shepard's* holding simply limited the factual record that a judge may consult when determining whether a criminal defendant pleaded guilty to generic burglary when burglary was defined by a nongeneric criminal statute. *Id.* at 26, 125 S.Ct. 1254. Moreover, the dispute in Appellant's case is whether a prior conviction was properly categorized as a misdemeanor or a felony. Not only did Appellant concede at trial that the offense in question was properly categorized as a felony under federal law, such a legal question is not a question for the jury. Finally, the district court did not use facts of prior convictions to exceed the maximum sentence authorized by law, but rather to increase the minimum sentence. Increasing the minimum sentence does not implicate the Fifth and Sixth Amendment concerns on which *Booker* and its forebears are based. *See Harris v. United States,* 536 U.S. 545, 558, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)("Judicial factfinding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments.").

Finally, Appellant argues that the district court erred by relying on the United States Sentencing Guidelines as mandatory direction rather than as advisory. Ap-

pellant further contends that because the district court took the Sentencing Guidelines as mandatory, it could not take into account a key factor in determining Appellant's proper sentence under 18 U.S.C. § 3553(a): sentencing disparities between crack and powder cocaine. Appellant's argument is flawed on two levels. First, the district court followed 28 U.S.C. §§ 841 and 851—not the advisory Sentencing Guidelines—when it sentenced Appellant to life imprisonment. Even if that were not the case, we have previously rejected any notion that a court may, in the exercise of its discretion, vary from the sentencing range under the Guidelines to compensate for crack cocaine/powder disparity. *United States v. Eura*, 440 F.3d 625, 633 (4th Cir.2006) ("[S]entencing courts should not be in the business of making legislative judgments concerning crack cocaine and powder cocaine.... [I]t simply would go against two explicit Congressional directives to allow sentencing courts to treat crack cocaine dealers on the same, or some different judicially-imposed, plane as powder cocaine dealers. Moreover, allowing sentencing courts to subvert Congress' clearly expressed will certainly does not promote respect for the law, provide just punishment for the offense of conviction, or result in a sentence reflective of the offense's seriousness as deemed by Congress.").

Accordingly, we affirm Cornelius Williams, Jr.'s conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED.*