**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4215**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

         versus

CORNELIUS GRANT WILLIAMS, JR.,

                                    Defendant - Appellant.

_____

On Remand from the Supreme Court of the United States.
(S. Ct. No. 07-8150)

_____

Submitted:  February 29, 2008          Decided:  May 5, 2008

_____

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Robert A. Ratliff, Mobile, Alabama, for Appellant.  Chuck
Rosenberg, United States Attorney, Daniel Grooms, Assistant
United States Attorney, Olivia Hussey, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cornelius Grant Williams, Jr. was convicted on two drug-related counts: (1) conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One"); and (2) distribution of five grams or more of crack cocaine, in violation of § 841(a)(1) ("Count Two"). The district court sentenced Williams to life imprisonment for Count One--the statutory <u>minimum</u> punishment under § 841(b)(1)(A)(iii) for a third felony drug offense--and to a concurrent term of 360 months' imprisonment for Count Two. We affirmed his convictions and sentence on direct appeal. <u>United States v. Cornelius Grant Williams, Jr.</u>, 229 F. App'x 218 (4th Cir. 2007) (unpublished) ("<u>Cornelius Grant Williams I</u>").

On January 22, 2008, the Supreme Court granted Williams's petition for writ of certiorari, vacated the judgment of this court, and remanded the case for further consideration in light of <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007). Because the statutory minimum sentence for Count One is life imprisonment, we find that any <u>Kimbrough</u> error in determining the sentence for either count was harmless. We therefore affirm his convictions and sentence.

I.

After a jury found him guilty on both counts, Williams moved for a new trial, arguing that the district court should have allowed him to terminate his court-appointed counsel and select a court-appointed attorney of his own choosing. The district court denied the motion, and Williams challenges such denial here. We review the denial of a motion for a new trial for abuse of discretion. United States v. Greene, 834 F.2d 86, 88 (4th Cir. 1987). It is an abuse of discretion to rely on an erroneous legal premise in denying such a motion. See United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005). We review legal issues de novo. See United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000).

Williams argues that the district court erred by refusing to appoint an attorney of Williams's own choosing, citing United States v. Gonzalez-Lopez, 126 S. Ct. 2557 (2006).[1] Indeed, Gonzales-Lopez confirms that the Sixth Amendment "commands . . . that the accused be defended by the counsel he believes to be

---

[1]Williams couches this challenge as an ineffective assistance of counsel claim, but the Gonzalez-Lopez Court made clear that the right to counsel of choice and the right to effective assistance of counsel are distinct rights, though both sounding in the Sixth Amendment. See id. at 2562-63. To the extent that Williams intends his challenge to also be heard as an ineffective assistance of counsel claim, the claim must fail because he has offered little to show the performance of his counsel was, in fact, deficient. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (noting that ineffective assistance of counsel claims are disfavored on direct appeal unless the record "conclusively" demonstrates deficient performance).

best." Id. at 2562. The Court limited the scope of this right, however: "[T]he right to counsel of choice does not extend to defendants who require counsel to be appointed for them." Id. at 2565. Williams could not afford retained counsel; therefore, he had no right to choose the particular attorney that the court appointed for him. Thus, the district court properly denied Williams's motion for a new trial.

II.

Williams also lodges two constitutional challenges to his sentence, which we review de novo. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005).

A.

Williams argues that the district court erroneously applied a career-offender enhancement to his sentence without submitting the fact of the prior offenses to a jury, in violation of the Sixth Amendment. The Supreme Court explicitly held in United States v. Booker, 543 U.S. 220 (2005), however, that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244 (emphasis added). As this court has since made clear, "the Supreme Court continues to hold that the Sixth Amendment (as well as due

4

process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."  Cheek, 415 F.3d at 352.

Nonetheless, Williams claims that Shepard v. United States, 544 U.S. 13 (2005), decided just two months after Booker, implies that disputed facts of a prior conviction are no longer excepted from Booker's holding.  In particular, Williams argued before the district court that one of his prior convictions, a felony under federal law, would have been prosecuted as a misdemeanor under Virginia state law.  Williams appears to suggest on appeal that this argument created a factual dispute as to the nature of his prior conviction that should have been resolved by a jury.

This court has read Shepard as "instruct[ing] [lower courts] to review 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented'" to determine whether "prior convictions . . . fall within a federal sentencing enhancement provision." United States v. Nelson, 484 F.3d 257, 261 n.3 (4th Cir. 2007) (quoting Shephard, 544 U.S. at 16).  Courts are not to resort to other extrinsic evidence such as underlying police reports or complaint applications to determine the nature of a prior conviction. Shepard, 544 U.S. at 16.  Here, however, Williams conceded before

5

the district court that his two prior drug convictions were indeed felonies under federal law. This is all that was required to be shown for the district court to apply the enhanced sentencing provisions applicable to Williams's offenses; there simply was no factual dispute regarding the prior convictions remaining for a jury to resolve. The district court ran afoul of neither Booker nor Shepard, then, in engaging in judicial factfinding for purposes of enhancing Williams's sentence on the basis of his prior convictions.

### B.

Williams also argues that the district court committed Booker error by treating the United States Sentencing Guidelines (the "Guidelines") as mandatory, rather than advisory, in declining to impose a more lenient sentence on the basis of the Guidelines' disparate treatment of the crack and powder forms of cocaine. Of course, Williams's sentence for his Count One conviction was not dependent on the Guidelines, since he faced a mandatory minimum sentence of life imprisonment. Williams recognized as much before the district court in his written objections to the Presentence Report (the "PSR"), acknowledging that his two prior convictions "create[] a situation in which he is facing life imprisonment" as a minimum sentence. J.A. Vol II., at 28. In hopes that the district court would find merit in his challenge to his prior convictions, however, Williams asked the court to consider, under

18 U.S.C. § 3553(a), the harsher punishment exacted upon drug offenders dealing in crack than those dealing in powder cocaine. The district court nevertheless imposed the statutory minimum sentence of life imprisonment for Count One, and a concurrent sentence of 360 months' imprisonment for Count Two, at the bottom of the Guidelines range of 360 months to life. On appeal to this court, Williams argues that the district court, by not considering his argument that crack cocaine offenses are disproportionately punished in comparison to powder cocaine offenses, effectively treated the Guidelines as mandatory in violation of Booker.

In Cornelius Grant Williams I, we rejected this line of argument and affirmed Williams's sentence on the basis, inter alia, of this court's precedent in United States v. Eura, 440 F.3d 625 (4th Cir. 2006), which prohibited sentencing courts from considering the supposed inequity of the disparate treatment of crack and powder cocaine in fashioning a Guidelines sentence. See id. at 633 ("[S]entencing courts should not be in the business of making legislative judgments concerning crack cocaine and powder cocaine. . . . [I]t simply would go against two explicit Congressional directives to allow sentencing courts to treat crack cocaine dealers on the same, or some different judicially-imposed, plane as powder cocaine dealers."). After our opinion in Cornelius Grant Williams I, however, the Supreme Court issued United States v. Kimbrough, 128 S. Ct. 558 (2007), which effectively overruled

Eura.  The <u>Kimbrough</u> Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  128 S. Ct. at 575.  It is the impact of <u>Kimbrough</u> on Williams's sentence that forms the basis for the instant remand of <u>Cornelius Grant Williams I</u>.

<u>Kimbrough</u> did nothing to alter the settled rule that <u>Booker</u>-type errors are subject to harmless-error analysis, <u>see</u> <u>United States v. Robinson</u>, 460 F.3d 550, 557-58 (4th Cir. 2006) (applying harmless-error analysis to <u>Booker</u> claims on Supreme Court remand).  An error that does not affect a defendant's substantial rights is harmless.  <u>Id.</u> at 557.  A defendant's substantial rights are not affected if "the court would have imposed the same sentence in the absence of the constitutional error."  <u>United States v. Shatley</u>, 448 F.3d 264, 267 (4th Cir. 2006).

Here, even if the district court had been sympathetic to Williams's argument that the crack/powder disparity is unfair, it would have had no choice but to sentence Williams to life imprisonment, the statutory <u>minimum</u> sentence for Count One.  Any <u>Kimbrough</u> error, then, was harmless, as Williams "would have [received] the same sentence in the absence of the constitutional error."  <u>Shatley</u>, 448 F.3d at 267.  <u>See also</u> <u>United States v. Blandin</u>, 154 F. App'x 325, 327 (unpublished) (4th Cir. 2005)

8

(holding that "there is simply no Booker error" where a defendant was sentenced to the statutory minimum sentence); United States v. Jones, 205 F. App'x 327, 338 (6th Cir. 2006) (unpublished) ("We have held that when the defendant has been sentenced to the statutory mandatory minimum, Booker is not implicated."); United States v. Raad, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) (finding harmless Booker error where defendant received statutory minimum sentence); United States v. Sharpley, 399 F.3d 123, 127 (2d Cir. 2005) (holding that a Booker error committed alongside the imposition of a statutory minimum sentence "is a prototypical example of harmless error").  To remand for resentencing under these circumstances "would amount to an empty formality," Shatley, 448 F.3d at 268 (internal quotations omitted), that we decline to undertake.  Cf. Jones, 205 F. App'x at 338 ("We have declined to remand for resentencing pursuant to Booker an appeal from a sentence imposed for one count when the defendant received a longer or equal statutory mandatory minimum term on another count and the two run concurrently.").

IV.

Accordingly, we affirm Cornelius Grant Williams, Jr.'s conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid in the decisional process.

AFFIRMED